T.C. Memo. 1996-120

UNITED STATES TAX COURT

HORACE E. McCANN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 678-95.              Filed March 12, 1996.

Horace E. McCann, pro se.

<u>Horace Crump</u>, for respondent.


MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This case was assigned
pursuant to the provisions of section 7443A(b)(3) and Rules 180,
181, and 182.[1]

By notice of deficiency dated November 3, 1994, respondent
determined a deficiency in petitioner's 1991 Federal income tax
and an accuracy-related penalty pursuant to section 6662(a) in

_____

[1]  Section references are to the Internal Revenue Code in
effect for the year in issue.  Rule references are to the Tax
Court Rules of Practice and Procedure.

the respective amounts of $2,394 and $479.  At the time the petition was filed petitioner resided in Birmingham, Alabama.

The issues are whether petitioner is (1) entitled to deductions in amounts greater than those allowed by respondent for charitable contributions, employee business expenses, and other miscellaneous deductions, and (2) liable for an accuracy-related penalty for negligence under section 6662(a).

The facts may be summarized as follows.  Petitioner is an employee of the Occupational Safety and Health Administration (OSHA).  On Schedule A of petitioner's 1991 Federal income tax return petitioner claimed deductions for the following:

| | |
|---|---|
| Charitable Contributions | $3,125 |
| Miscellaneous Employee Business Expenses | 4,088 |
| Other Miscellaneous Deductions | 5,821 |

Upon examination respondent disallowed portions of the claimed deductions as follows:

| | Allowed | Disallowed |
|---|---|---|
| Charitable Contributions | $2,040 | $1,085 |
| Miscellaneous Employee Business Expenses | 1,814 | 2,274 |
| Other Miscellaneous Deductions | 670 | 5,151 |

The primary difficulty with this case is that, although petitioner prepared his return for 1991, he cannot identify with any specificity items of contributions or expenses he claimed. He had no documentation with regard to the disallowed amounts. Furthermore, his testimony was unclear and often evasive.

Charitable Contributions

Petitioner testified that he made cash contributions in the amount of $1,085 to various, but unspecified, churches and charitable organizations. Petitioner has the burden of establishing that respondent's determination is incorrect in whole or in part, and he has not carried that burden. Rule 142. Respondent's determination is sustained.

Employee Business Expenses

Petitioner claims that the disputed employee business expenses arise from three areas: (1) Education and training expenses; (2) cost of a printer for his computer; and (3) cost of safety shoes. With regard to the training and eduction expenses, petitioner contends that he incurred expenses in learning how to operate computers. He has no records showing the date or amounts of these alleged expenses.

Petitioner submitted a receipt in the amount of $310.26 for the cost of a computer printer. According to petitioner he uses a computer and printer in his employment. Petitioner concedes, however, that the printer was located at his home and that he was not required to buy the computer or printer as a condition of his employment. The printer is so-called listed property as defined by section 280F(d)(4), and accordingly no deduction is allowable under section 280F(d)(3)(A).

Petitioner also submitted a receipt in the amount of $133.86 for safety shoes that he testified are required for his job. We will allow petitioner a deduction in this amount as an employee business expense to the extent that the amount exceeds the limitation contained in section 67(a).

Other Miscellaneous Deductions

Of the $5,151 at issue in this category, the parties agree that petitioner paid $1,000 in legal expenses during 1991. Legal expenses are deductible under section 162 or 212 if they are ordinary and necessary expenses incurred in a trade or business, expenses incurred for the management, conservation, or maintenance of property held for the production of income, or expenses incurred with respect to Federal income taxes. Personal expenses are not deductible. Sec. 262. Petitioner contends that $1,000 was incurred in connection with a suit concerning his Federal income taxes. Whether a legal expense is deductible under section 162 or 212 depends on the origin and nature of the expense. United States v. Gilmore, 372 U.S. 39, 42 (1963). It appears from an order of the Circuit Court of Tuscaloosa County, Alabama, filed July 15, 1991, that petitioner's former wife brought an action against petitioner to recover from petitioner various amounts including "monies withheld from * * * [the former wife's] income tax refund by the Internal Revenue Service for payment of taxes due from * * * [petitioner which petitioner] was

ordered to pay under Paragraph 8 of the Final Decree of Divorce entered on February 8, 1988."  The action, therefore, had nothing to do with any dispute concerning petitioner and the Internal Revenue Service over petitioner's tax liability, but rather arose from a debt between petitioner and his former wife that in turn arose out of the divorce proceedings.  As such the legal expenses incurred were clearly personal and are nondeductible.  United States v. Gilmore, supra.

The remainder of the miscellaneous deductions in dispute ($4,151) are more nebulous.  Petitioner appears to argue that at least part of this amount was for other legal expenses, including his former wife's attorney's fees incurred in connection with the litigation described above.  For the same reason, these expenses are not deductible.  Petitioner also contends that a part of this amount was incurred in purchasing or depreciating a computer.  Petitioner, however, offers no substantiation for this expense.  Moreover, it appears that, similar to the printer discussed infra, section 280F(d)(3)(A) prohibits any deduction.

In sum, except for the allowance of $133,86 for safety shoes, respondent's determination is sustained with respect to the deficiency.

Respondent also determined that petitioner was liable for an accuracy-related penalty for negligence in the preparation and filing of his return.  Section 6662(a) imposes a penalty in the

amount of 20 percent on any underpayment to which the section applies.  Section 6662(b) applies to underpayments due to negligence.  Sec. 6662(b)(1).  Negligence is the failure to make a reasonable attempt to comply with the law.  Sec. 6662(c).  Petitioner has not established that he used reasonable care in preparing his return.  Indeed, all of the deductions, except for the safety shoes, are clearly not deductible.  Thus, the entire deficiency as redetermined is attributable to negligence.  Respondent's determination with respect to the penalty under section 6662(a) is sustained.

<u>Decision will be entered for respondent</u>.